WILLIAM BELCONIS, *d.b.a.* STANDARD BOTTLING CO. *vs.* GEORGE W. BREWSTER, *Liquor Control Admr.*

JULY 19, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is a petition for a writ of *certiorari* to review and quash the action of the original respondent, above named, who will hereinafter be referred to as the respondent, in revoking, of his own motion, as of noon on January 11, 1940, the class A retail liquor license which had been issued to the petitioner by the mayor and board of aldermen of the city of Pawtucket, constituting the board of license commissioners for that city. The writ was duly issued and the record of the proceedings before the respondent, ending with the revocation of the petitioner's license, is now before us. The respondent died after the issuance of the writ; and the acting liquor control administrator has entered his appearance and assumed the defense of the case.

The petitioner, who had been carrying on a retail liquor business under the above license, with his place of business

in Pawtucket, was duly notified by the respondent to appear at the latter's office on December 28, 1939, at 10 o'clock, a. m., to show cause why his license should not be revoked "for violation of Section 11 of Chapter 163 of the General Laws of Rhode Island, which forbids the sale of beverages by a licensee to an unlicensed dealer in beverages."

The respondent appeared at the place and time stated and a hearing was had before the respondent upon the charge stated. Evidence was introduced and a transcript of it is included in the record now before us. On January 2, 1940, the respondent rendered his decision, finding that the petitioner did on sundry days during the period between December 2, 1939 and December 14, 1939, sell to various unlicensed dealers in beverages in the city of Central Falls, and revoking the petitioner's license as of noon on January 11, 1940. During the above period no licenses had been issued by the board of license commissioners of that city.

Not long after this decision, of which the petitioner was duly notified, he made, by his attorney, a written request to the respondent that the petitioner be granted a rehearing on the charge against him, at which he might be assisted by his attorney; and he offered at such rehearing to submit certain testimony which he described in detail. The respondent refused the requested rehearing, on the ground that the offered testimony was simply cumulative and that a rehearing was not needed.

It is true that the petitioner appeared without an attorney at the hearing; but he did not then make any request to have the assistance of an attorney or to be allowed to introduce further evidence later; nor did he make any such request until after he had been notified of the revocation of his license. He did not then, nor does he now, claim that he had not had a full and fair hearing. After considering these facts and comparing the evidence introduced at the hearing with the offer, in his letter, of further evidence to

be introduced, we are of the opinion that the respondent did not commit any abuse of discretion in denying the request for a rehearing.

We are also of the opinion that there was evidence in the record to support the respondent's finding of fact upon which he revoked the petitioner's license.

Apparently the principal contention relied upon by the petitioner is that the liquor control administrator "was without jurisdiction to initiate this hearing *on his own motion,* and to make this decision and order of revocation." This contention he bases on certain language in the statutes of this state, regulating the traffic in alcoholic beverages, which are set forth in G. L. 1938, title XX.

In considering the language thus relied upon, it should be borne in mind that by P. L. 1939, chap. 660, secs. 236-238, 243, 245, the liquor control administrator, during the period involved in this case, had all the powers conferred, and was subject to all the limitations imposed, by G. L. 1938, chap. 164, on the "division of intoxicating beverages", which in that chapter is generally referred to simply as "the division".

Therefore the respondent had the sole power, which was given to the division by G. L. 1938, chap. 164, § 4, to issue manufacturers', wholesalers', and retailers' class G licenses. The right to issue all other licenses authorized by the title was given to the town councils or license boards of the several towns and local bodies in the several cities of the state. The respondent therefore had no power to *issue* a retailer's class A license.

Apparently what the petitioner mainly relies upon is the following language in G. L. 1938, chap. 164, § 5: "Every license shall be subject to revocation and suspension by the board, body or official issuing the same for breach by the holder of the conditions on which it was issued and for violation by the holder of any rule or regulation applicable

thereto and for breach of any provision of this title. *The division may of its own motion revoke or suspend any license except as otherwise in this title provided.*" (italics ours)

The petitioner contends that this last power of the division, and now of the administrator, is "otherwise in this title provided" by the next section of the same chapter, which specifically states that the division "shall have the power . . . at any time to issue, renew, revoke and cancel all such manufacturers', wholesalers', and retailers' class G licenses and permits as are provided for by this title."

We cannot see that this quoted language is in the least inconsistent with the natural and reasonable meaning of the above-italicized language from § 5: "The division may of its own motion revoke or suspend any license" etc. Although he does not say so, the petitioner's contention on this point must be based on the old maxim, which has properly only a very limited application anywhere and in our judgment has none here, viz.: *Inclusio unius est exclusio alterius.* See *Industrial Trust Co.* v. *Goldman,* 59 R. I. 11, 18.

In our judgment there is nothing in title XX which in any way limits, to licenses that he has the power to issue, the power of the administrator to revoke or suspend licenses of his own motion. If the interpretation contended for by the petitioner is adopted for the final sentence of § 5, that sentence added nothing to the powers which the division was given by the last preceding sentence; and we cannot believe that such was the intent of the section.

The conclusion that the administrator has the power, for proper cause, to revoke any kind of a license is also supported by certain language in G. L. 1938, chap. 163, § 10, in which it is provided that if a licensee, in doing business under his license, shall permit any of certain things to be done, "he may be summoned before the board, body or offi-

cial which issued his license or before said division when he and the witnesses for and against him may be heard; and if it shall be made to appear to the satisfaction of the board, body or official hearing such charges that he . . . has permitted to be done any of the things hereinbefore in this section mentioned then said board, body or official shall revoke his license." To our minds, the last expression "board, body or official" included, when the section was enacted, the division of intoxicating beverages and later included the liquor control administrator.

For the reasons above stated, it is our conclusion that the respondent had the power and jurisdiction, of his own motion, to revoke such license as that of the petitioner. Such a power in the administrator is consistent with the language of G. L. 1938, chap. 163, § 10, and that of chap. 164, § 5, and with the language and purpose of the whole title XX. See *Baginski* v. *Alcoholic Beverage Comm.*, 62 R. I. 176, 4 A. 2d. 265.

The petitioner also contends that the respondent had no power to revoke the petitioner's license on the ground that the petitioner had made sales of alcoholic beverages to unlicensed dealers in such beverages, because the record does not show that the petitioner made such sales having reason to believe that the beverages thus sold were to be resold. The language which the petitioner relies upon in making this contention is the following from G. L. 1938, chap. 163, § 11, above referred to: "If any person holding a license under the provisions of this chapter shall sell any beverages to an unlicensed dealer in beverages, or to any owner or keeper of any house of ill-fame having reason to believe that the same are to be resold, his license shall thereupon become void, and he shall be subject to a fine of $100.00 and imprisonment for 30 days . . . ."

In support of the decision of the respondent, it is contended that because, in the statutory language just above

quoted, there is a comma after the word "beverages", when used the second time, but there is no comma after the words "house of ill-fame", the legislative intent is clear that the modifying clause "having reason to believe that the same are to be resold" should not be understood as applying to a sale of beverages to an unlicensed dealer in beverages.

There is some merit in this contention; but arguments based merely on the use or nonuse of a comma are not convincing in the circumstances of the instant case. Moreover, it should be borne in mind that the section here in question provides for the imposition of a fine and imprisonment upon anyone who does either of the acts above described; and that therefore the section should be construed as favorably to an accused person as is reasonably possible.

Bearing this in mind and considering also the apparent general intent and purpose of the section, we are of the opinion that the intent thereof is not to differentiate between the treatment of unlicensed dealers and houses of ill-fame; and that this section is not violated by a sale to an unlicensed dealer in beverages, unless the seller has reason to believe that the beverages sold are to be resold.

The decision by the respondent against the petitioner and revoking the petitioner's license was based solely on the finding that the latter had made sales of beverages to various unlicensed dealers in beverages; and the respondent did not find that any of these sales was made by the petitioner with reason to believe that any of the beverages sold were to be resold.

We, therefore, conclude that the respondent's decision must be quashed, because it was not based upon a sufficient finding of fact.

This conclusion makes it unnecessary for us to pass upon the final contention made in behalf of the petitioner.

It is ordered that the record made by the respondent, dated January 2, 1940, revoking the license of the petitioner, effective at noon, January 11, 1940, be quashed, but without prejudice to the power of the liquor control administrator to institute a new proceeding against the petitioner, based on the same conduct by the petitioner that is involved herein.

*Joseph Janas, Sigmund W. Fisher, Jr.,* for petitioner.

*Louis V. Jackvony,* Attorney General, *Jacob S. Temkin,* Assistant Attorney General, for respondent.