RAYMOND REDELSPERGER *vs.* LOUISE REDELSPERGER.

JULY 12, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

CAPOTOSTO, J. This is a bill in equity by the grantee against the grantor for the reformation of a deed to certain property in the city of Woonsocket. It was heard in the superior court on bill, answer, replication and proof, and resulted in the entry of a decree granting the prayer of the bill. From this decree the respondent has appealed to this court.

The object of the bill is to have the deed reformed so that it will state the consideration for the conveyance as love

and affection and the assumption of a certain mortgage, in accordance with the form set out in the bill. There is no allegation in respondent's answer, which is in the nature of a cross bill, that she was induced to execute the deed through fraud, undue influence, or other imposition. The answer charges the complainant with the breach of an agreement which was a substantial part of the consideration for the deed. It therefore prays for a cancellation of the deed or a reconveyance of the property and for general relief.

It appears in evidence that the complainant is the youngest of respondent's eight children. In April 1943 the respondent, who was then about seventy-five years old, owned the property in question and lived, with a daughter, on one floor of the two-family house on that property. Upon being informed by the complainant that he was thinking of buying a lot on which he might later build a house of his own, she offered to convey her property to him on the following terms: First, that he assume and make payments monthly on the then existing mortgage to the Home Owners' Loan Corporation, as she was making them; and, secondly, upon the express condition that he allow her to continue to occupy her floor of the house, rent free, so long as she lived. These terms being acceptable to the complainant, he had the deed in question here drawn by an attorney, which deed the respondent voluntarily signed and acknowledged in the attorney's office on April 7, 1943. There is no evidence that she executed the deed as the result of any fraud or other improper influence. We note here, however, that the proposed curative deed, which is attached to and made a part of complainant's bill, contains no statement of the above-mentioned condition.

The deed is a quit-claim deed. In so far as pertinent, it reads as follows: "I, Louise Redelsperger . . . *for consideration paid,* grant to Raymond Redelsperger" the property therein described. (italics ours) When the complainant presented this deed for record, the deputy city clerk, who was in charge of the land records, noticed that no docu-

mentary stamps were affixed to the deed. The evidence as to the conversation that ensued on this point is quite meager and in general terms. The result, however, was that the deputy city clerk caused the following notation to be typewritten in the margin of the face of the deed, in the presence of the complainant and apparently with his consent: "No consideration has been paid for this conveyance". The deed with this notation was then duly recorded.

Thereafter the complainant took charge of the property, making payments on the H.O.L.C. mortgage and expending various sums for repairs and other incidental expenses. There was no disagreement between these parties until about March 1944. At that time the complainant applied for a mortgage from a Woonsocket bank, intending to use the money from such mortgage to discharge the H.O.L.C. mortgage and to make some further repairs. The application for this loan was refused by the bank because of the above-quoted notation on the deed, which the bank deemed a cloud on the title.

The complainant then sought legal advice and was told that the situation could be corrected by having the respondent execute another deed setting forth the consideration as love and affection and a promise to pay the H.O.L.C. mortgage. When the complainant brought this matter to respondent's attention, she refused to execute such a deed; whereupon the complainant brought the present bill.

The strained relations that ensued and the misconduct of the complainant upon which the respondent bases her prayer for a cancellation of the deed in her answer are attributed by the parties to different causes. The complainant suggests that the respondent's refusal to execute another deed was due to interference, because of jealousy, by her other children. The respondent, on the other hand, claims that she was subjected to various annoyances by the complainant as he wanted her to leave the premises. Whatever the real cause of the disagreement may have been, the evidence is clear that upon respondent's refusal to execute an-

other deed of the premises, the complainant stopped making further monthly payments on the H.O.L.C. mortgage, which payments were thereafter made by or in behalf of the respondent. This conduct on the part of the complainant was a material breach of the agreement between the parties.

The rights of the parties under the bill and answer in this cause are to be determined from the agreement which resulted in the deed. In the absence of any allegation and proof of fraud, undue influence, or other inequitable conduct on the part of the complainant at the time the deed was executed, and, further, there being no incompetency of the respondent at that time, the evidence clearly shows that she then knowingly and voluntarily executed the deed in question.

Without apparent fault of the complainant and certainly without fault on the part of the respondent, the deed completely fails to incorporate the various elements of the agreement that constituted the actual consideration for the conveyance, as admitted by both complainant and respondent in their testimony. These elements, which are established by clear and convincing evidence, are: love and affection of the respondent for the complainant, her youngest child; the assumption and payment by him of the H.O.L.C. mortgage; and the express condition which reserved to the respondent the right to occupy the floor of the house where she was then living for the remainder of her life, rent free.

The notation by the deputy city clerk on the deed was clearly without warrant of law. See G. L. 1938, chap. 435. Where a deed is executed in accordance with the statute, it is the duty of the recorder of deeds to receive and record the instrument without adding thereto extraneous language which in any way tends to affect its validity. In the instant cause it was obvious that no documentary stamps were affixed to the deed. If the deputy city clerk deemed it necessary or expedient to note this single fact for administrative purposes in obedience to a federal revenue law or regulation, he should have done so in a manner that would serve such pur-

pose, but not in any way that would alter the deed.

A recorder of deeds is a purely ministerial officer. He is required by statute to record deeds filed for recording in his office and not to pass upon their validity. In this cause the deputy city clerk, therefore, was without authority to decide that "No consideration has been paid for this conveyance" and to type such conclusion on the face of the deed.

The consideration set forth in complainant's proposed curative deed is: ". . . the Grantor's love and affection for the Grantee and the Grantee's promise to pay a mortgage in favor of Home Owners' Loan Corporation", which is thereinafter specifically identified. On this point the decree reads: "1. That the prayer of the complainant for reforming and correcting the deed by amending, as set forth in said prayer, is hereby granted."

Neither the prayer of the bill nor the proposed curative deed attached thereto and made a part thereof refers in any way to the condition respecting respondent's right to occupy a floor of the house on the premises in question for the rest of her life, rent free. This important reservation by the respondent, which was a very material part of the agreement under which she conveyed her property to the complainant, is, in its legal effect, more than merely an element of the consideration for the deed; it is a condition attaching to complainant's title under the deed.

The trial justice did not overlook this basic fact in his decision from the bench. He then stated that while the complainant was entitled to an amended deed, such deed should contain a proper statement respecting the respondent's right to occupy a portion of the premises in question, "so that she will be protected and the original agreement will be carried out". We are at a loss to understand why the decree that was thereafter entered fails to incorporate therein any provision that would carry into effect such clear finding by the trial justice.

When the complainant refused to continue making monthly payments on the H.O.L.C. mortgage, as hereinbefore men-

tioned, he was guilty of a material breach of his agreement with the respondent. In this situation, he is not now entitled to the affirmative relief which he seeks. On the other hand, the respondent manifestly cannot be given the special relief prayed for in her answer, that is, the cancellation of the deed. However, since the answer contains a prayer for general relief, she is entitled to relief under that prayer.

Our conclusions therefore are as follows: First, the respondent shall execute and deliver to the complainant a deed of the premises in question wherein it shall be clearly stated (a) that the complainant will assume and pay the H.O.L.C. mortgage on that property; and (b) that the respondent shall have the right to occupy a floor of said premises for and during the remainder of her life, without any obligation on her part to pay rent or any other fixed charge in connection with the property. This right of the respondent shall be incorporated in the deed as a condition attaching to the title and not merely stated as a part of the consideration for the deed. Secondly, the complainant shall not be entitled to a deed in the form just specified, unless he reimburse the respondent for any and all sums which she paid or were paid in her behalf on the H.O.L.C. mortgage from and after the deed in question here was executed and delivered.

The respondent's appeal is sustained and the decree appealed from is reversed. On October 1, 1945, the parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

*Higgins & Silverstein,* for complainant.
*Edward F. Dwyer,* for respondent.