338 A.2d 517.

LOUISE MCKINNON *vs.* THE HOUSING AUTHORITY OF THE CITY OF PAWTUCKET, R. I. *et al.*

MAY 28, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This civil action was brought by the petitioner, a former employee of the respondent Housing Authority of the City of Pawtucket (hereinafter referred to as the Authority), seeking certain injunctive relief and the issuance of a writ of mandamus to compel her reinstatement as an employee of the Authority. The case was heard by a justice of the Superior Court sitting without a jury, who thereafter directed that mandamus issue requiring the Authority to reinstate the employee forthwith with back pay and other benefits restored. On motion of the Authority, the trial justice stayed the issuance of the writ of mandamus pending the prosecution of an appeal by the Authority to this court.

The record discloses that the employee did not report for work on May 1, 1973, and did not notify the Authority of her intention to be absent. On May 2, 1973, the employee was suspended, and thereafter, on May 8, 1973,

the Authority held a meeting, of which the employee was given no notice, and voted to terminate permanently her employment with the Authority on the ground of "insubordination." Later, the employee made a formal request for a hearing, which was denied by the Authority on the ground that the request was not made within a reasonable period of time. After this denial of her request, the employee instituted her action in the Superior Court. The record also discloses that the trial justice found that the evidence would not support a finding of "insubordination" and granted the relief above referred to.

We are confronted here with a twofold question: one, whether mandamus lies to overturn the decision of the Authority; the other, even if such remedy is available, whether it should issue on the ground that the trial justice did not err in finding that the evidence would not support a finding of insubordination.

It is settled law in this state that mandamus lies to compel a public officer to perform a ministerial duty. *Castle Realty Co.* v. *Soloveitzik*, 101 R. I. 391, 224 A.2d 44 (1966); *Aniello* v. *Marcello*, 91 R. I. 198, 162 A.2d 270 (1960). The courts have the power to provide relief by way of mandamus to compel the restoration to public employment of an employee who has been wrongfully removed therefrom. *Aniello* v. *Marcello, supra.* The writ will not issue to compel a public officer to perform an act the performance of which rests within his discretion. *Izzi* v. *Warwick School Committee*, 82 R. I. 76, 105 A.2d 818 (1954). Before we can reach the substantive issue in this case, we must decide whether the dismissal of the employee for insubordination when she was merely absent without leave for one day is within the discretion of the Board of Commissioners.

In *Conley* v. *McCarthy*, 84 R. I. 141, 121 A.2d 875 (1956), this court held that a writ of mandamus could

properly issue where a public employee had been dismissed by a person lacking the authority to so dismiss personnel. It follows that where the individual or commission lacks authority, *i.e.,* discretion to dismiss a public employee, mandamus may be available to reinstate an employee whose employment has been terminated by such individual or commission. Accordingly, if the Authority exceeded its power in dismissing the employee, then relief by way of mandamus would be available.

The Authority concedes that its rights and obligations with respect to its employees are governed by the provisions set out in the Personnel Policy. Those provisions limit the Authority's power to dismiss employees to situations in which the employee "gives unsatisfactory service or * * * is guilty of violation of [the] Personnel Policy." Even if we assume, *arguendo,* that the power to dismiss an employee for insubordination is encompassed in the Authority's powers delineated in the Personnel Policy, a question which we do not now decide, the exercise of such power is invalid if the Authority is unable to establish by the evidence the alleged insubordination. This court has held repeatedly that where the power of an employer to dismiss an employee is limited to dismissal only "for cause," failure to establish the requisite grounds constituting "cause" will result in a lack of authority to dismiss, *See Narragansett Racing Ass'n* v. *Kiernan,* 59 R. I. 79, 194 A. 49 (1937); *Aniello* v. *Marcello, supra.* Such invalid dismissal may be remedied by way of mandamus.

While it might be argued that the Authority has the power to dismiss employees on numerous grounds and that dismissal of petitioner is within the Authority's general powers, this court concludes that the dismissal order may be effective only if the grounds alleged therefor are established by the evidence. The Personnel Policy provides for grievance procedures whereby an employee aggrieved

by certain actions taken by the Authority, including dismissal, can obtain review of such actions. To permit the Authority to allege insubordination as the ground for dismissal and subsequently to rely on another ground late in the proceedings would impair the ability of the employee to challenge effectively the basis of the action taken by the Authority. This court will not construe such grievance provisions so as to render their inclusion in the Personnel Policy virtually a meaningless gesture.

Thus, in the instant case, the Authority's power to dismiss the employee must depend *not* on establishing facts which would warrant dismissal, but on establishing those particular facts on which the dismissal action is allegedly based. Thus, if the evidence does not support a finding of "insubordination," then we must conclude that respondents exceeded their authority in terminating petitioner's employment with the Authority. Having decided that the remedy of mandamus would be available to petitioner if respondents acted beyond their authority, and that dismissal on unestablished grounds constitutes such action, we now address the question whether in the instant case respondents in fact acted outside their authority.

The Authority based its dismissal of the employee on the ground of "insubordination." It contends that absence from work without leave for one day constitutes "insubordination." In common parlance, the word "insubordination" suggests an intentional defiance of authority. This court holds that the trial justice correctly concluded that the employee's failure to report to work without leave did not constitute the kind of intentional opposition to authority upon which a finding of "insubordination" must rest. Since the Authority has not established by the evidence the ground on which the petitioner's dismissal rested, we conclude that such dismissal exceeded the power of the Authority.

The appeal of the respondents is denied and dismissed, the judgment appealed from is affirmed, the order staying the issuance of the writ is vacated, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*McKinnon & Fortunato, Stephen J. Fortunato, Jr.,* for petitioner.

*Michael F. Horan,* for respondents.