The **BIONOMIC CHURCH OF RHODE ISLAND**

v.

**Joseph L. GERARDI.**

**No. 77–356–Appeal.**

Supreme Court of Rhode Island.

May 1, 1980.

Aram K. Berberian, Warwick, for plaintiff.

John D. Biafore, Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal by the plaintiff from a Superior Court judgment dismissing its petition for mandamus in which the plaintiff sought to compel the defendant, the Cranston city clerk, to record a quit-claim deed of conveyance without recording the transfer-tax documentary stamps required by law to be affixed to the deed.[1]

It appears that plaintiff wanted to record a copy of the original one-page deed so that a copy of the transfer-tax documentary stamps would not appear in the register.[2]

To accomplish this, plaintiff informed defendant that it intended to affix the documentary stamps to the back of the deed. The plaintiff tendered the recording fee and requested defendant to record only the front of the deed. The defendant responded that if plaintiff insisted on placing the documentary stamps on the reverse of the deed, then a certified copy of the reverse would also have to be recorded at an additional cost of one dollar. When plaintiff refused to comply with this, defendant refused to record the deed. The plaintiff then petitioned the Superior Court to order defendant to record a copy of the deed without a copy of the documentary stamps.

The plaintiff argues that defendant's duty was purely ministerial and that, having no discretion, defendant should have recorded the deed according to plaintiff's wishes.

It is well established law that mandamus shall issue "only where the petitioners have a clear legal right to have the act

1. General Laws 1956 (1970 Reenactment) § 44–25–3 requires the person "making, executing, delivering or presenting for recording" an instrument of transfer of realty to affix documentary stamps to the deed as evidence of payment of the transfer tax imposed by § 44–25–1.

2. The instrument of transfer is taxed at the rate of 55 cents for each $500 of the purchase price of the realty. General Laws 1956 (1970 Reenactment) § 44–25–1, as amended by P.L.1978, ch. 290, § 1. The documentary stamps evidence the amount of tax paid. Thus, the purchase price of the realty may be deduced from the stamps attached to the recorded deed. In its brief plaintiff states that it wished to avoid recording evidence of the price it paid for the deeded land.

done which is sought by the writ; and where the respondents have a ministerial, legal duty to perform such act without discretion to refuse * * *." *Sun Oil Co. v. Macauley*, 72 R.I. 206, 210, 49 A.2d 917, 919 (1946); *accord Warwick School Committee v. Gibbons*, R.I., 410 A.2d 1354, 1357 (1980); *McKinnon v. Housing Authority*, 114 R.I. 686, 688, 338 A.2d 517, 518 (1975); *Aniello v. Marcello*, 91 R.I. 198, 202–03, 162 A.2d 270, 272 (1960).

We have held that a recorder of deeds is a purely ministerial officer who, when presented with a deed executed in compliance with controlling statutes, must receive and record the instrument. *Redelsperger v. Redelsperger*, 71 R.I. 203, 206–07, 43 A.2d 305, 306 (1945). However, the Legislature has prescribed the duties of a recorder of deeds to record instruments and has specified what is required for a deed to be a legally sufficient instrument. Accordingly, defendant was bound to comply with the applicable statutes. Consequently, if plaintiff has clear legal right to have defendant record the deed in the manner proposed, that right must appear in the statute.

General Laws 1956 (1969 Reenactment) § 34–11–1 prescribes that an instrument of conveyance is void unless recorded in the city where the land deeded is located. Section 34–13–1 directs the recorder of deeds to file, in the manner prescribed by law, instruments eligible for recording and lists the eligible instruments. Included in the list are "[a]ll instruments required by statute to be recorded, including deeds * *." Under § 34–13–6 a certified copy of an original instrument may be filed in place of the original if "the original might properly have been recorded * * *."

Additionally, G.L.1956 (1970 Reenactment) § 44–25–3 provides that a deed of conveyance of realty must bear transfer-tax documentary stamps before a recorder of deeds may accept the instrument for recording.[3] The pertinent part of a § 44–25–3 provides:

"The payment of the tax imposed by this chapter shall be evidenced by the affixing of a documentary stamp or stamps to every original instrument by the person making, executing, delivering or presenting for recording such instrument and *only said original instrument shall be accepted for recording.*" (Emphasis added.)

A reading of the statute does not reveal any ambiguity. It is clear that the Legislature intended that a recorder of deeds accept only original instruments or certified copies of the original which have the documentary stamps attached to them so that the stamps will be evidence of payment of the tax.

Section 34–13–6, which permits a certified copy of a deed to be filed in place of the original deed, cannot be construed to change the § 44–25–3 requirement that documentary stamps appear on the recorded deed. Indeed, those two sections are *in pari materia* and must be construed in harmony with their general scope and purpose. *Herald Press, Inc. v. Norberg*, R.I., 405 A.2d 1171, 1176 (1979); *State v. St. Pierre*, 118 R.I. 45, 51, 371 A.2d 1048, 1051 (1977). Therefore, the certified copy of the original must contain the stamps before it can be received for recording just as the original must have the stamps affixed when presented for recording. Section 44–25–3.

The case before us is analogous to the circumstances in *Souza v. O'Hara*, R.I., 395 A.2d 1060 (1978). In *Souza* we held that mandamus did not lie to compel a ministerial officer, the Registrar of Vital Statistics, to record a common-law marriage because the controlling statute only required the registrar to record those marriages licensed and solemnized according to law. *Id.* 395 A.2d at 1062.

In conclusion we find that the plaintiff has no legal right to have the deed recorded without recording the stamps also.

---

3. When no consideration has been paid for the transfer, the deed must contain a statement that "the consideration is such that no documentary stamps are required." General Laws 1956 (1970 Reenactment) § 44–25–1.

The recorder of deeds has no option but to accept for recording only an original or certified copy of a deed containing the documentary stamps required by law to appear in the register.

The plaintiff's appeal is denied and dismissed and the judgment appealed from is affirmed.

WEISBERGER, J., did not participate.