**Karl S. KRITZ**

v.

**Vincent A. CIANCI, Jr., et al.**

**No. 81–577–Appeal.**

Supreme Court of Rhode Island.

May 9, 1984.

Z. Hershel Smith, Providence, R.I., for plaintiff.

Edward R. DiPippo, Asst. City Sol., Providence, R.I., for the City of Providence.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal by the plaintiff, Karl Kritz, from a judgment of the Superior Court dismissing the plaintiff's petition for mandamus in which he seeks to compel the defendant to grant him disability-pension benefits.

The plaintiff was employed by the City of Providence as deputy director of the Civil Defense Preparedness Agency. One of the duties of his job required him to keep a vial of cobalt salts in his desk drawer for demonstration purposes. The vial was stored in plaintiff's desk drawer for a period of approximately eight years. Subsequently, all radioactive material, including the vial, was removed from the area. In July 1978 plaintiff became ill and his illness was diagnosed as a Schwann tumor in the pelvic region. The condition became serious and necessitated surgery. In order to remove the tumor, it was necessary to sever a nerve. This resulted in plaintiff's becoming paralyzed in one leg. He al-

legedly suffered left foot drop, sensory deficiency, and neuropathic pain.

Shortly thereafter, plaintiff filed an application with the Retirement Board of the City of Providence, hereafter referred to as the board, seeking a permanent-disability pension. In support of the application, plaintiff submitted the medical opinions of four doctors. The plaintiff's request was denied. However, on January 22, 1981, plaintiff moved for reconsideration of the application. The board granted plaintiff's request for accidental-disability retirement. Immediately, plaintiff was notified that the board had granted his request for disability retirement. Shortly thereafter, the board was advised by the city solicitor that plaintiff failed to submit sufficient medical evidence to support the decision of the board, advising them to reconsider their actions absent a showing of more compelling medical evidence.

As a result of the advice of the solicitor, on February 19, 1981, the board decided to reconsider their actions of January 22, 1981. On February 26, 1981, the board rescinded the awarding of a disability pension. The plaintiff was not notified of the hearing to reconsider the granting of the disability pension.

The plaintiff, upon receipt of the board's decision, thereafter filed a petition for a writ of mandamus, requesting that the board be compelled to grant and process his accident disability pension. The trial justice denied relief and plaintiff appeals.

The plaintiff, on appeal, submits the following issues: (1) whether the trial justice erred in denying mandamus, thereby nullifying the board's decision to rescind plaintiff's pension; and (2) whether the board's action constituted a violation of plaintiff's procedural due-process rights.

I

The plaintiff contends that the board's duty is ministerial and that it has no discretion and, therefore, should have processed the disability pension. We agree.

It is well settled that

"[a writ of] mandamus shall issue 'only where the petitioners have a clear legal right to have [an] act done which is sought by the writ; and where the respondents have a ministerial, legal duty to perform such act without discretion to refuse * * *.' "

*The Bionomic Church of Rhode Island v. Gerardi*, R.I., 414 A.2d 474, 475–76 (1980); *see Parente v. Southworth*, R.I., 448 A.2d 769, 771–72 (1982). Once the disability pension was granted the board no longer had any discretion but to comply with the method posited by the Legislature.

The Legislature has established the method to be followed for reconsidering a disability pension once granted. Public Laws 1923, ch. 489, § 9(7), as amended by P.L.1971, ch. 29, provides in part that:

"Once each year the retirement board may, and upon his application shall, require any disability pensioner under the minimum age for service retirement to undergo a medical examination, such examination to be made at the place of residence of the pensioner or other place mutually agreed upon, by a physician or physicians engaged by the retirement board. Should any such pensioner refuse to submit to such examination, his pension may be discontinued until his withdrawal of such refusal, and should his refusal continue for a year, all his rights in and to such pension may be revoked by the retirement board. If the examination indicates that the disability of the pensioner has been removed, his name shall be placed on such appropriate lists of candidates as are prepared for appointment to a position in his department for which he is stated to be qualified in a salary grade comparable to that from which he was last retired."

Having granted plaintiff a disability pension on January 22, 1981, it was not within the board's discretion to reconsider its decision on February 19, 1981. Since plaintiff

**1250**

was under the minimum age for service retirement, it was necessary for the board to wait a minimum of one year before it could begin taking action aimed at rescinding plaintiff's pension. The act provides, after a year had elapsed from the granting of the pension, the board could have required plaintiff to undergo a medical examination. The refusal to submit to such an examination may then lead to revocation of a pension, as may evidence indicating that a pensioner's disability has been removed.

The board failed to comply with the requirements of P.L.1971, ch. 29, in rescinding plaintiff's pension. Moreover, the board clearly had no other authority to reconsider their grant of the pension within a year of its being granted, where there was no newly discovered evidence questioning the propriety of their earlier decision to grant plaintiff a pension. The board's reliance on Roberts' Rules of Order to support their action is erroneous. To allow this would violate the very objective of the Legislature in enacting P.L.1971, ch. 29.

Accordingly, we find that the board acted without authority in rescinding their decision to award plaintiff a pension. The plaintiff has a clear legal right to compel the board to perform the ministerial duty of approving his pension for payment.

### II

Having concluded that the board improperly rescinded the plaintiff's disability pension by not following the procedure outlined by P.L.1971, ch. 29, we need not discuss whether the board's rescission constituted a violation of the plaintiff's procedural due-process rights under the Fourteenth Amendment of the United States and Rhode Island Constitutions.

The plaintiff's appeal is sustained, the order appealed from is vacated, the writ heretofore denied is granted, and the case is remanded to the Superior Court.