[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on appeal by the petitioner, the Town of New Shoreham, from a decision of the Liquor Control Administrator, which reversed the decision of the New Shoreham Board of Liquor License Commissioners to impose, pursuant to R.I.G.L. 1956 (1988 Reenactment) § 3-5-21, a fine of $100.00 upon respondent, Island Entertainment, Inc., (d/b/a the Spring House). Jurisdiction in this court is pursuant to R.I.G.L. 1956 (1988 Reenactment) § 42-35-15.
The pertinent facts and travel of the case are as follows. In April of 1990, Island Entertainment, Inc. applied to the New Shoreham Board of Liquor License Commissioners for a transfer of a Class B-V liquor license, then in the hands of the co-receivers of the Spring House Hotel. Island Entertainment, Inc. was in the process of purchasing the hotel at the time of application. The Board granted the transfer but placed a condition on the license: that there be no entertainment outside the footprint of the main building and there be no entertainment amplified outside the confines of the building with the exception of events such as weddings. The Board, in imposing the condition, agreed to hear Island Entertainment, Inc.'s request, at a later date, to lift the condition.
Island Entertainment, Inc. operated the hotel through the 1990 season in compliance with the condition. In late August 1990, Island Entertainment, Inc. applied to the Board to lift the condition and the Board refused to do so. Thereafter, Island Entertainment, Inc. appealed to the State Liquor Control Administrator. The Administrator declined to hear the matter, concluding that he lacked jurisdiction under R.I.G.L. 1956 (1988 Reenactment) § 3-7-21; however, he indicated that he would hear an appeal from any hearing conducted by the Board due to an alleged violation of the condition.
On July 4, 1991, Island Entertainment, Inc. held a Family Luau. It is uncontraverted that a pianist/vocalist performed on the porch, outside the confines of the building, and the entertainment was amplified during this event. The Board, pursuant to R.I.G.L. 1956 (1988 Reenactment) § 3-5-21, ordered Island Entertainment, Inc. to show cause why its license should not be suspended, revoked, or a fine imposed, conducted a hearing, and imposed a fine of $100.00 upon Island Entertainment, Inc. for violation of the license condition. Thereafter, Island Entertainment, Inc. appealed to the Liquor Control Administrator.
On September 18, 1991, the Liquor Control Administrator held a hearing de novo to determine the appeal of the $100.00 fine. The Administrator found as fact that no violation of the license condition had occurred and therefore the fine had been improperly imposed upon Island Entertainment, Inc. Specifically, the Administrator concluded that the amplified music was played during a "special event" and was thereby excepted from the license condition. The Administrator also found as fact that the license condition was "unfair." In addition, the Administrator found as a matter of law that the condition "bore no reasonable relation to the promotion of temperance or the reasonable control of traffic in alcoholic beverages". It is from this decision that the petitioner appeals.
Respondent has moved this Court, based on R.I.G.L. 1956 (1988 Reenactment) § 42-35-15(c),[1] for a writ of mandamus compelling the Town to comply with the Administrator's Order. This court has consolidated the two matters.
The petitioner has exhausted the available administrative remedies, as these matters were heard by the Board and the Liquor Control Administrator. As such, this court is authorized to review the decision of the Liquor Control Administrator pursuant to § 42-35-15(a).[2] The Superior Court review of a Liquor Control Administrator's decision is controlled by Section42-35-15(f) and (g), which provide as follows:
 42-35-15. Judicial review of contested cases.
 (f) The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency, not shown on the record, proof thereon may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs.
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the agency; (3) Made upon unlawful procedure; (4) Affected by other error of law; (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
There is no evidence in the record, nor has the petitioner alleged, that there were any irregularities in procedure before the Liquor Control Administrator pursuant to subsection (f). The gravamen of the petitioner's appeal is that the Liquor Control Administrator was without jurisdiction to hear this case. R.I.G.L. § 3-7-21, as amended by P.L. 1981, Ch. 396, § 1, provides for a hearing before the Liquor Control Administrator "upon the application of any petitioner for a license, or of any person hereby authorized to protest against the granting of a license, or upon the application of any licensee whose license shall be revoked or suspended by any local board or authority". Petitioner contends that Section 3-7-21 does not permit an appeal by a licensee who has been fined pursuant to R.I.G.L. § 3-5-21, but who has not had his license revoked or suspended.
In Earle v. Pastore, 511 A.2d 989 (R.I. 1986) the Supreme Court of Rhode Island held that section 3-7-21 sets out the right of appeal from the local licensing board to the Liquor Control Administrator to only three groups of individuals: (1) applicants who have been denied a license, (2) licensees who have had their licenses revoked or suspended, (3) any person hereby authorized to protest against the granting of a license. (emphasis added). In Earle, the court reviewed a decision of the Superior Court affirming an order of the Administrator upholding a decision of a local board granting a class "D" license.
This case is unlike Earle. The Administrator, in Earle,
had no original jurisdiction to grant a class "D" license as the legislature has specifically granted that authority to the several cities and towns. See Southland Corp. v. City ofWarwick, 486 A.2d 610 (R.I. 1985). In the instant case, the administrator, pursuant to R.I.G.L. § 3-5-21, had original jurisdiction, shared with the Board, to conduct a hearing on the alleged violations of Island Entertainment's license. R.I.G.L. §3-5-21 reads:
 Revocation or Suspension of Licenses — Fines for Violating conditions of License.
 Every license shall be subject to revocation or suspension or the licensee shall be subject to fine by the board, body or official issuing the license, or by the department of its own motion, for breach by the holder thereof of the conditions on which it was issued or for violation by the holder thereof of any rule or regulation applicable thereto or for breach of any provisions of this section. (emphasis added).
R.I.G.L. § 3-1-1 defines the department as the Department of Business Regulation, and R.I.G.L. § 3-2-2 sets forth that the Administrator is the person within the department responsible for the supervision of the business of selling liquor. Accordingly, this court interprets § 3-5-21 as granting authority to the Liquor Control Administrator to impose a fine upon a licensee who has violated the condition on his license.
Neither the Legislature, nor the Supreme Court, could have intended that § 3-7-21 prevent the Administrator from having appellate jurisdiction on a matter over which she could have exercised original jurisdiction. Section 3-7-21 specifically grants appellate jurisdiction to the Administrator over the revocation or suspension of a license, and the Supreme court has held that the Administrator has original jurisdiction over such matters. See Belconis v. Brewster, 14 A.2d 701 (R.I. 1940) (The administrator may revoke or suspend any type of liquor license). The Court, in interpreting Section 3-7-21, has found that the intention of the Legislature was to "provide broad and comprehensive control by the State over the liquor traffic and to vest that control in an administrative body." Hallene v. Smith,98 R.I. 360, 364 (1964). In Hallene, the Court held that the jurisdiction conferred upon the Liquor Control Administrator pursuant to § 3-7-21 is original, and not appellate, in nature.Id. To interpret Section 3-7-21 in a manner that would deny the Administrator jurisdiction to conduct a de novo hearing in this case would defeat the underlying purpose of the legislation. This court will not allow that result. The Administrator cannot be denied authority to do what she could have done in the first instance pursuant to § 3-5-21. Implicit in § 3-7-21 is the authority for the administrator to review monetary penalties imposed by local licensing authorities.
As discussed previously, this court' scope of review of the petitioner's appeal is detailed in, and limited by, section42-35-15(g). It is settled that findings of fact of an administrative agency cannot be dismissed unless clearly erroneous. Guarino v. Department of Social Welfare,122 R.I. 583, 410 A.2d 425 (1980). Where the findings of fact of the fact finder are supported by substantial evidence, the reviewing court may not substitute its own judgment for the fact finders's determinations.
Narragansett Electric Co. v. Burke, 122 R.I. 113,404 A.2d 821 (1979). So long as there is any scintilla of evidence on the record supporting the ADministrator's findings, the reviewing court must affirm the decision of the agency. Guarino, 410 A.2d at 428. Only when the findings of fact of the administrative agency are completely bereft of competent evidentiary support shall they be reversed. Sartor v. Coastal Resources ManagementCouncil, 542 A.2d 1077 (R.I. 1988); Milardo v. CoastalResources Management Council, 434 A.2d 266 (R.I. 1981).
The Superior Court reviews the administrative record in order to determine whether the decision is lawful and reasonable.Narragansett Electric v. Burke, 404 A.2d at 826. The Court's inquiry is limited to determining whether the record reflects evidence, or reasonable inferences that may be drawn therefrom, to support the findings of the tribunal whose decision is being reviewed. Guarino, 410 A.2d at 428. The Court does not exercise its independent judgment, determine the weight of the evidence or pass on the credibility of witnesses. Edge-January Inc. v.Pastore, 420 A.2d 1063, 1065 (R.I. 1981).
Petitioner contends that the Administrator failed to accompany her findings of fact in the record with an explicit statement of the underlying facts supporting the findings. R.I.G.L. 1956 (1988 Reenactment) § 42-35-12 requires that any final order shall include findings of fact and conclusions of law. This Court disagrees with the petitioner and finds ample evidence in the record to support the Administrator's findings of fact.
The record contains testimony establishing that the Family Luau was held to coincide with the 4th of July festivities. The luau was in effect a celebration of the 4th of July and what that day represents. As such, the Administrator correctly concluded that the luau constituted a "special event". The condition on the license excepted "events such as weddings". The Administrator was within her discretion to find a 4th of July celebration within the exception to the condition. Therefore, the Administrator's finding that there had occurred no violation of the condition imposed on the license must stand.
The record also provides ample evidence to support the Administrator's finding that the license condition was unfair. Island Entertainment, Inc.'s license was the only license that had such a condition imposed upon it. This fact was disclosed in the record and supports the Administrator's conclusion.
The Administrator found as a matter of law that the condition imposed upon the license "bore no reasonable relation to the promotion of temperance or the reasonable control of traffic in alcoholic beverages". Under R.I.G.L. § 3-5-21, municipalities may issue liquor licenses with special conditions so long as the conditions serve to either promote temperance or the reasonable control of alcoholic beverages. Thompson v. Town of EastGreenwich, 512 A.2d 837 (R.I. 1986). Towns are not to impose unfair and absurd conditions on license holders. Id. at 842. The condition imposed upon Island Entertainment, Inc. was not related to the control of alcohol consumption, but to the control of the noise level. The Town has other avenues, via (zoning) ordinances, to control the level of noise emanating from establishments such as Island entertainment, Inc. The order of the Administrator should stand.
This court finds that the Liquor Control Administrator had jurisdiction to hear this matter. Upon careful review of the evidence, this court concludes that the Administrator's findings of fact were amply supported by the evidence and her conclusion of law correct. This court finds that the decision of the Liquor Control Administrator reversing the Board's decision to impose a fine upon respondent was not in violation of any constitutional or statutory provisions and should therefore be affirmed.
Mandamus lies to compel a public officer to perform a ministerial duty. McKinnon v. Housing Authority of City ofPawtucket, 114 R.I. 686, 338 A.2d 517 (1975). It will not lie to compel an official to perform a discretionary act. Greenwich BayYacht Basin Associates v. Brown, 537 A.2d 988 (R.I. 1988). Where the petitioners have a clear legal right to have the act done which is sought by the writ of mandamus, and where the respondents have a ministerial legal duty to perform such act, the writ must issue. Wood v. Fussier, 416 A.2d 945 (R.I. 1980). This court has affirmed the Administrator's decision. Island Entertainment, Inc. has a clear legal right to have that decision enforced and the Town has a ministerial legal duty to remove the fine and the condition on Island Entertainment, Inc.'s license. Therefore, mandamus must lie.
For the foregoing reasons, it is the decision of this court that the decision of the Liquor Control Administrator is hereby affirmed. Accordingly, a writ of mandamus shall issue compelling the Town to comply with the Administrator's and this court's order.
[1] Section 42-35-15(c) provides that:
The filing of the complaint (meaning a complaint pursuant to subsection (b) of that chapter, which provides for review in superior court of an administrative order) does not itself stay enforcement of the agency order. The agency may grant, or the reviewing court may order, a stay upon the appropriate terms.
[2] Section 42-35-15(a) provides that:
Any person who has exhausted all administrative remedies available to him within the agency, and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter. This section does not limit utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. Any preliminary, procedural, or intermediate agency act or ruling is immediately reviewable in any case in which review of the final agency decision would not provide an adequate remedy.