## INTERNATIONAL PACKAGING CORPORATION

v.

## Nancy J. MAYER, in Her Capacity as the General Treasurer for the State of Rhode Island et al.

No. 97–379–Appeal.

Supreme Court of Rhode Island.

July 24, 1998.

Mark A. Fay, Paul Plourde, Providence, for plaintiff.

Marcia McGair Ippolito, Rebecca Tedford Partington, Providence, for defendants.

## OPINION

PER CURIAM.

This case came before a three-judge panel of this Court on June 16, 1998, pursuant to an order directing the parties to appear and to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda of the parties, we conclude that cause has not been shown. Accordingly this case will be decided at this time.

The plaintiff, International Packaging Corporation (International), appeals from a Su-

perior Court order granting defendants' motion to dismiss the complaint pursuant to Rules 12(b)(1) and (6) of the Superior Court Rules of Civil Procedure. The facts of this case are not in dispute.

International owned the stock of a foreign subsidiary corporation named International Packaging Corporation (UK) Ltd., and it received dividends from that stock. International included these dividends as income on its federal tax return and received a credit against its federal income tax for the foreign taxes paid by its subsidiary. International, however, also paid its Rhode Island income taxes without the benefit of a tax credit for the tax years 1989 through 1992 because, at that time, a tax credit was not available to a corporation receiving foreign dividend income. *See Dart Industries, Inc. v. Clark,* 657 A.2d 1062, 1064 (R.I.1995). In 1995 we declared this practice unconstitutional because it treated dividends paid by a foreign corporation less favorably than those paid by domestic corporations. *Id.* at 1066.

Following our opinion in *Dart,* International filed an amended 1992 tax return, claiming a refund of the state income taxes that it had paid. The Division of Taxation denied International's request on the ground that G.L. 1956 § 44–11–20 requires that this request be filed no more than two years after the date the tax has been paid.[1] International then sent a request for a hearing on the refund claim denial to the tax administrator and an administrative hearing was scheduled. International decided, however, to forego this administrative hearing and instead opted to proceed pursuant to § 44–1–11 and request a refund directly from the General Treasurer. Section 44–1–11 requires that the General Treasurer, "after certification by the tax administrator with the approval of the director of administration, refund the erroneous payment or overpayment."

Upon receipt of International's request for a refund, the General Treasurer, Nancy J.

---

1. General Laws 1956 § 44–11–20 provides in relevant part:

"(a) Any taxpayer may file a claim for refund with the tax administrator at any time within two (2) years after the tax has been paid, or in the case of a change or correction of its taxable income by any official of the United States

government, within two (2) years after receiving notice of the change or correction. If the tax administrator shall determine that the tax has been overpaid, he shall make a refund with interest at the annual rate provided by § 44–1–7.1, as amended, from the date of payment."

Mayer, requested a certification from the tax administrator that an erroneous payment had in fact been made. The tax administrator, however, declined this certification on the ground that no claim for a refund was pending with the Division of Taxation.

International then filed a writ of mandamus in Superior Court, seeking (1) an order directing the tax administrator to certify that erroneous payments had been made for the tax years 1989 through 1992, (2) an order directing the director of administration to approve the certification, and (3) an order directing the General Treasurer to refund the erroneous payments. The trial justice granted defendants' motion to dismiss, finding that International had failed to pursue its administrative remedies. International appealed this ruling to this Court.

In *Dart* this Court followed the teachings of the United States Supreme Court in *Kraft General Foods, Inc. v. Iowa Department of Revenue and Finance,* 505 U.S. 71, 112 S.Ct. 2365, 120 L.Ed.2d 59 (1992), and struck down § 44–11–11, which provided for the disparate treatment of corporate income received as a result of foreign and domestic dividends. 657 A.2d at 1066. Specifically we declared that § 44–11–11 discriminated against foreign commerce and thus violated the Foreign–Commerce Clause of the United States Constitution. 657 A.2d at 1066. We added that contrary to the position of the tax administrator the holding of *Kraft* applied retroactively and that consequently the plaintiff, pursuant to § 44–1–11, was entitled to a refund for the illegal or unauthorized payment of tax on foreign dividends. 657 A.2d at 1066–67.

■ Notwithstanding the fact that it paid the tax for the years in question without remonstration and that it neither challenged the assessment as illegal nor undertook the administrative process that is available to a taxpayer, International seizes upon our holding in *Dart* and argues that it is entitled to a refund pursuant to § 44–1–11.[2] We disagree and instead we concur with the determination of the trial justice that International's failure to pursue its administrative remedies on a timely basis is fatal to its claim.

■ A writ of mandamus will issue only where the petitioners can demonstrate "a clear legal right to have the act done which is sought by the writ; and where the respondents have a ministerial, legal duty to perform such act without discretion to refuse; and where the petitioners have no plain and adequate remedy at law." *Adler v. Lincoln Housing Authority,* 623 A.2d 20, 25 (R.I. 1993) (quoting *Gormally v. Cannon,* 119 R.I. 771, 776, 383 A.2d 582, 585 (1978)). We have held, however, that a writ is not available to compel a public officer to perform an act that requires an exercise of his or her discretion. *See McKinnon v. Housing Authority of Pawtucket,* 114 R.I. 686, 688, 338 A.2d 517, 518 (1975). Accordingly it is only acts that are deemed ministerial functions that are subject to mandamus. *See id.*

In the instant case, we conclude that the act International seeks to compel is not a ministerial duty but rather a matter appropriate for administrative review and the fact-finding process that a hearing to recover an overpayment entails. We are also persuaded that the Superior Court is not the appropriate forum for a taxpayer to seek recovery from the tax administrator since G.L.1956 § 8–8–24 mandates that appeals "of a final decision of the tax administrator concerning an assessment, deficiency, or otherwise ***shall be tried de novo and without a jury" in the District Court. In order to avail oneself of a judicial remedy,

"[a] plaintiff is [first] required to commence a proceeding against the tax administrator for tax refunds, including any additional relief requested. The tax administrator is then required to review the complaint and render a decision. This is

**2.** General Laws 1956 § 44–1–11 provides:

"Whenever an erroneous payment or any payment in excess of the correct amount of any tax, excise, fee, penalty, interest, or other charge shall have been made to the tax administrator, the general treasurer shall, after certification by the tax administrator with the ap-

proval of the director of administration, refund the erroneous payment or overpayment, or the tax administrator may credit the erroneous payment or overpayment against any tax then or thereafter due, as the circumstances may warrant."

the sequence of action mandated by statute. Such procedure presumably preserves an efficient and orderly administration of justice in state agencies."
*Owners–Operators Independent Drivers Association of America v. State,* 541 A.2d 69, 72 (R.I.1988).

Accordingly International is bound to comply with the orderly statutory scheme set forth by the Legislature for the adjudication of tax disputes, a process that begins with an administrative proceeding before the state tax administrator. In addition we are also of the opinion that International was not entitled to a refund pursuant to § 44–1–11 and that this statute does not provide for an alternative, independent method of relief whereby a taxpayer can circumvent the administrative process and avoid the timeliness requirements of § 44–11–20.

Therefore, for the reasons set forth herein, the plaintiffs appeal is denied and dismissed and the judgment appealed from is affirmed. The papers in the case may be remanded to the Superior Court.

WEISBERGER, C.J., and LEDERBERG, J., did not participate.