DECISION
Before this Court is Plaintiff's Motion for Emergency Order in the Nature of Injunctive Relief. Namely, a Writ of Mandamus requiring Defendant to issue a license duly applied for, heard and granted by the Licensing Board for the Town of Westerly, and signed by the Chief of Police in accordance with all applicable procedures.
 FACTS/TRAVEL
On May 9, 2002, Don Krivitsky d/b/a Coastline Copters (Krivitsky) appeared before the Licensing Board for the Town of Westerly (Licensing Board). Krivitsky sought the issuance of a Class III amusement license in order to operate helicopter rides on property he owns in Westerly, Rhode Island. Westerly Town Ordinances "created a licensing board to consider and decide all licensing matters which were heretofore considered by the Westerly Town Council sitting as the licensing board." (Westerly Code. Licenses, Permits, Miscellaneous Business Regulations, Article XI Sec. 7-231). In addition, the powers of the Licensing Board are further detailed to require that "[a]ny approvals of applications for licenses or permits which heretofore were required to be made by the town council shall be made by the town licensing board in its place." Id. at Sec. 7-233.
At a hearing held by the Licensing Board on May 9, 2002, Krivitsky was questioned by members of the Licensing Board and the Chief of Police for the Town of Westerly. After hearing testimony concerning the application, the Licensing Board voted to approve the application subject to the approval of the proper authorities. When Krivitsky inquired into what the Licensing Board meant by `proper authorities', the following dialogue occurred:
 "Licensing Board Chairman: You have to go through normal procedure besides ourselves and we always say that.
 Krivitsky: Like with the [S]tate and everything like that?
 Licensing Board Chairman: Exactly.
 Licensing Board Chairman: In other words there's [sic] a lot of State controls.
 Krivitsky: Right, which I've already done.
 Licensing Board Chairman: Right which you've already done." Transcript May 9, 2002 Licensing Board at 8.
The Licensing Board heard testimony that the current proposal meets all applicable state and federal aviation regulation, as well as the necessary approvals from aeronautical inspectors to conduct his helicopter ride business. In addition, testimony was presented concerning Krivitsky's experience as a rotary and fixed wing pilot and his operation of the types of rides throughout the world. At no time has there been a single complaint, claim, suit or the like brought against him on account of the operation of such activities.
In addition to Licensing Board approval, Westerly Ordinance Article V. Sec. 7-81, entitled Amusement devices-License required, approval,appeals, requires the "written approval of the chief of police" for the issuance of a license to operate an ". . . airplane ride. . .". After further reflection, the Chief of Police attempted to revoke his approval claiming concerns over the safety for the thousand of tourists in the surrounding area. At some later point in time, the Chief crossed his signature of the license effectuating his attempt to revoke the license. Krivitsky appealed the Chief of Police's attempted revocation of approval pursuant to the provisions of Sec 7-81. After further hearing the Town Council upheld the Chief's action.
Based on the foregoing, Krivitsky seeks this Court to invoke its jurisdiction pursuant to R.I.G.L. § 8-2-16, along with this Court's general equity jurisdiction, to issue a Writ of Mandamus directing the Town of Westerly to issue the license granted by the Licensing Board.
 WRIT OF MANDAMUS
In order for this Court to issue emergency relief such as a Writ of Mandamus, the plaintiff must demonstrate a clear legal right to have an act done which is sought by the writ, where the defendants have a ministerial, legal duty to perform such act without discretion to refuse, and where the plaintiff has no adequate remedy at law.International Packaging Corp. v. Mayer, 715 A.2d 636 (R.I. 1998).
It is clear from the record that the Licensing Board granted the application pursuant to approval by state and federal agencies. Krivitsky obtained those approvals. The Chief of Police signed the license evidencing his approval of Krivitsky's proposal. At some later point in time, due to concerns for the safety of tourists in the area surrounding the location proposed for the helicopter rides, the Chief of Police attempted to revoke the license. These concerns were addressed by the Licensing Board as well as the appropriate state and federal aeronautical agencies, all of which approved Krivitsky's application. This attempted revocation took place after the Chief attended the license application hearing, questioned Mr. Krivitsky, and placed his signature on the face of the license. Nowhere in the Ordinances for the Town of Westerly does the Chief of Police have the authority to act arbitrarily and revoke a duly executed license.
 CONCLUSION
Since the application meets all applicable Federal, State and Town Ordinances, was approved by the Licensing Board, and signed by the Chief of Police, this Court finds that Plaintiff has legally right to the issuance of the license. Any subsequent action taken by the Chief of Police operates as a revocation of a duly executed license, authority which he does not legally possess. This Court finds that the Town of Westerly has a legal duty to issue the license without any further discretion. Lastly, this Court finds that Krivitsky is without any other adequate remedy at law.
Therefore, it is ordered and decreed that the Clerk for the Town of Westerly issue the Class III Amusement License to Don Krivitsky d/b/a Coastline Copters with any appropriate seals, marks, or signatures affixed thereto.