[Civ. No. 53223. Second Dist., Div. One. Oct. 10, 1978.]

RAYMOND D. PEARSALL, Plaintiff and Appellant, v.
BOARD OF ADMINISTRATION OF THE PUBLIC EMPLOYEES'
RETIREMENT SYSTEM, Defendant and Respondent.

**COUNSEL**

Breidenbach, Swainston, Yokaitis & Crispo, Cummins, White, Yokaitis & Rylaarsdam and Donald F. Yokaitis for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Melvin R. Segal, Deputy Attorney General, for Defendant and Respondent.

**OPINION**

**LILLIE, Acting P. J.**—Raymond D. Pearsall appeals from judgment denying petition for writ of mandamus to require the Board of Administration, Public Employees' Retirement System (PERS), to credit him with four years of military service in the computation of his city retirement benefits.

Appellant served in the United States Army from 1939 to 1968. He thereafter was employed by the City of Pasadena for the period 1968 to 1975, and by reason of such employment was a member of PERS.[1] Appellant retired from city service in 1975. Pursuant to the statutory scheme which provides that an employee, when applying for retirement benefits, may elect to receive credit for public service rendered in addition to his current employment, appellant had requested PERS to

[1] In 1945 the City of Pasadena had brought its employees into the ambit of PERS through the execution of a contract between its board of directors and PERS.

credit him with a four-year period of military service.[2] Appellant was receiving a monetary stipend from the federal government as a result of that service. PERS denied the application. An administrative hearing followed in which the hearing officer recommended that appellant not receive increased benefits as a result of his military service because Government Code section 20809 precludes the granting of public service credit if the employment for which it is sought entitles the applicant to credit in another retirement system supported by public funds. PERS adopted the proposed disposition whereupon appellant sought a writ of mandate in the superior court to compel PERS to reconsider its action.

■ The sole issue presented by this appeal is whether appellant is entitled to credit for the four years of military service that also forms a partial basis of his right to federal benefits. In urging that Government Code section 20809 does not preclude such credit, appellant points out that the statute merely states that a "person shall not receive credit for the same service in *two retirement systems* supported wholly or in part by public funds under any circumstance." (Italics added.) Appellant thus urges that inasmuch as he is receiving only a federal "pension," receipt of that benefit does not constitute payment from a retirement system within the meaning of the statute so that its prohibition is inapposite to his case. PERS responds with the assertion that appellant's military "pension" is in substance a retirement benefit that falls within the purview of the statute.

At the outset, we note that the factual predicate of appellant's claim, to wit, that he is receiving a military "pension," is not supported by the record. Appellant's military discharge[3] states that he left the Army pursuant to title 10, United States Code, section 3911, which provides for retirement after 20 years of service. As a result thereof, appellant is entitled to a "monthly retired pay" that is computed pursuant to a formula found in title 10, United States Code, section 3991. Neither section attaches the appellation "pension" to the money which appellant receives from the federal government. Thus, to the extent that appellant's assignment of error is based upon the factual premise that he is receiving a "pension," it is without merit.

---

[2]Government Code section 20931 provides in pertinent part that: "A member may elect at any time prior to retirement, in accordance with regulations of the board, to receive credit for public service in addition to his current and prior service credit. . . ."

Government Code section 20930.2 states that public service can include time spent in the military but that said credit may not exceed four years.

[3]The document verifying appellant's discharge from the Army was an exhibit at the administrative hearing.

Even were we to designate the federal funds appellant receives, as a "pension" the contention still fails. The fact that Government Code section 20809 speaks only in terms of retirement systems and does not mention pension system is of no pragmatic significance. The purpose of the statute is to prevent an individual from receiving double payment for the same service. The money received as a result of appellant's military service is similar to the retirement benefit paid by PERS in that the amount is determined in accordance with the usual factors of salary and rank held at the time of retirement as well as length of service. We find, therefore, that the nature of the benefit that inures to appellant as the result of his military service precludes appellant from using that service to establish public service credit.[4] (See 30 Ops.Cal.Atty.Gen. 49, 52 (1957).)[5]

Appellant directs our attention to Government Code section 20332 which states in pertinent part: "*Persons who are members of any other retirement or pension system* supported wholly or in part by funds of the United States government, any state government or political subdivision thereof and who are receiving credit in such other system for service are, as to such service, excluded from this system [PERS]. . . ." (Italics added.) Appellant finds significance in the reference in Government Code section 20332 to "retirement or pension system" while Government Code section 20809 omits any mention of a pension system. He asserts that this shows that the Legislature "clearly understood" the difference between the two. He fails, however, to explicate what that distinction might be and how it would be relevant to his case. Although several reasons could be advanced to explain this slight difference in phraseology between the two statutes enacted in 1945, such speculation is unnecessary because Government Code section 20332 is inapposite inasmuch as it only functions to preclude membership in two retirement systems *during* the period of state employment. Appellant does not contest the fact that Government Code section 20809 governs situations, such as this one,

---

[4]It should be noted that the statutes do not support the proposition that a retirement system and pension system are mutually exclusive entities. Retirement is the "withdrawal from active service with a retirement allowance . . . ." (Gov. Code, § 20035.) A "retirement allowance" is defined as "the service retirement allowance or the disability retirement allowance." (Gov. Code, § 20039.) This is not necessarily different from a pension since " '[p]ension' means payments for life derived from contributions made from employer controlled funds." (Gov. Code, § 20032.)

[5]In appellant's initial application to PERS, he had selected the years 1941-1944 as the time spent in the military for which he sought additional credit. Apparently PERS denied this request on the additional ground that appellant had to select four years of service rendered after the date (1945) in which the contract between PERS and City became effective. Appellant has contested that ruling on this appeal. Our rejection, however, of his first contention renders unnecessary a consideration of that issue.

where an attempt is made to obtain retirement credit in PERS based upon *prior* employment that is *already* credited in another retirement program.

The judgment is affirmed.

Thompson, J., and Hanson, J., concurred.