**In re Robert B. ELLIOTT d/b/a Milky Way Music, Debtor.**

**Bankruptcy No. 8300375.**

United States Bankruptcy Court, D. Rhode Island.

Dec. 9, 1986.

Thomas H. Quinn, Jr., Providence, R.I., Trustee.

Michael P. Iannotti, Asst. U.S. Atty., Providence, R.I., for I.R.S.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on September 11, 1986 on the trustee's objection to that portion of the Internal Revenue Service's (IRS) claim filed as a secured claim. The trustee objected to the claim as secured, and when no response to the objection was filed an order entered on May 30, 1986, disallowing the claim as secured, and allowing it as a general unsecured claim. The IRS moved for reconsideration, and by our order dated July 16, 1986, the May 30 order was vacated and the matter reinstated and scheduled for hearing.

Briefly, the facts and travel are as follows: The debtor filed his petition on May 19, 1983, and the IRS filed an amended proof of claim on June 13, 1984, in the amount of $14,596.85 for taxes due as of the date of the petition. The IRS claim is divided into three parts, a secured claim of $7,481.87, an unsecured priority tax claim under 11 U.S.C. § 507(a)(7) totaling $5,293.18, and a general unsecured claim of $1,821.80. The IRS bases its secured status upon a notice of tax lien on personal property of the debtor, filed pursuant to 26 U.S.C. § 6323 with the recorder of deeds in the town of North Kingstown, Rhode Island on November 3, 1982.

The trustee objects to the secured portion of the claim on the ground that the notice of tax lien was improperly filed, i.e.

that the IRS can achieve secured status in personal property only by filing its notice with the Secretary of State. Both parties agree that IRS can become a secured creditor as to personal property, by filing in the proper office within the state as provided for in 26 U.S.C. § 6323(f)(1)(A)(ii) which states:

§ 6323. **Validity and priority against certain persons**

(f) **Place for filing notice; form.—**

(1) **Place for filing.—**The notice referred to in subsection (a) shall be filed—

(A) **Under State laws.—**

. . . .

(ii) **Personal property.—**In the case of personal property, whether tangible or intangible, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated. . . .

The parties disagree on what is the "one office within the State" designated by state law as the place to file the notice of tax lien. IRS argues that Rhode Island has designated the office of the recorder of deeds, or the city or town clerk as the "one office" where such notice of tax liens in favor of the United States must be filed. It points to R.I.GEN.LAWS § 34–34–1 (1984) which provides:

34–34–1. **Duty of city or town to receive and file liens.—**It shall be the duty of the recorder of deeds or the city or town clerk, having custody of the land records, in the several cities and towns in this state, to receive, file and index any and all notices of liens in favor of the United States for taxes due the United States, or any copies thereof, duly certified by the director of internal revenue in whose district the state is situated, or by any other officer having legal custody of the records of such notices of liens, with like effect as by existing law he is required to receive and record liens, deeds and conveyances.

This issue appears to be one of first impression in this district, and neither party has cited applicable case law from any other jurisdiction. Instead, each relies on a linquistic analysis of the statutes in question, and the interplay between them, to support their respective positions. The IRS starts from the position that 26 U.S.C. § 6323(f)(1)(A)(ii) provides for the filing of federal tax lien notices "in one office within the State" which state law designates as the proper place to file such notices.[1] IRS then argues that § 34–34–1, assigns the recorder of deeds "the duty . . . to receive, file and index any and all notices of liens in favor of the United States for taxes due," as the "one office" in which the IRS must file tax lien notices. Since § 34–34–1 does not distinguish between notice of tax liens on real and personal property, the reference to "any and all notices of liens in favor of the United States" allows the IRS to achieve secured status in personal property, as well as in realty, by filing in the "one office" of the recorder of deeds. Moreover IRS distinguishes Uniform Commercial Code (UCC) type filings in the office of the Secretary of State from liens for taxes due pursuant to the Internal Revenue Code, since UCC filings are consensual, commercial transactions, which differ significantly from non-consensual tax liens. Therefore, according to the IRS, by filing its notice of tax lien with the recorder of deeds in North Kingstown, it became a secured creditor as to the personal property of the debtor.[2]

On the other hand, while agreeing that § 34–34–1 designates the recorder of deeds as the proper office in which to file a notice of tax lien on realty pursuant to 26 U.S.C. § 6323(f)(1)(A)(i), the trustee argues that IRS must file its lien notice in the office of the Secretary of State to achieve secured

---

**1.** If state law does not designate the office in which to file notice of tax lien, the notice is filed with the clerk of the District Court for the judicial district. *See* 26 U.S.C. § 6323(f)(1)(B).

**2.** The debtor owns no realty in North Kingstown. The situs of the debtor's personal property is deemed to be at the residence of the debtor. *See* 26 U.S.C. § 6323(f)(2)(B).

status in personalty. The trustee commences his argument at the same starting point as the IRS, 26 U.S.C. § 6323(f)(1)(A)(ii) and R.I.GEN.LAWS § 34–34–1, but thereafter proceeds along a different tack to the conclusion that in this case the notice of tax lien was improperly filed. He argues that the phrase in § 34–34–1 "any and all liens," is modified by the last clause of the section, "with like effect as by existing law [the recorder of deeds] is required to record liens, deeds and other conveyances." The reading of the phrase "by existing law" is critical to the trustee's position. He maintains that this phrase refers to R.I.GEN.LAWS § 6A–9–302 (1985) and requires the IRS to file its notice of tax lien on personal property as would any other person with the right to file a lien "by existing law" embodied in § 6A–9–302. By filing with the recorder of deeds, such a hypothetical person would encumber only realty, not personal property, and the IRS, like the trustee's hypothetical person, is required "by existing law" to file in the Secretary of State's office in order to perfect a security interest in the debtor's personal property.

We disagree with the trustee's analysis of § 34–34–1 in three respects. First, the trustee's reading and interpretation of the phrase "by existing law" is misplaced. We feel that the phrase in question in § 34–34–1 refers to those ministerial duties imposed on the recorder of deeds regarding documents that he (she) is required to receive and record, rather than to the entire body of commercial law governing the creation and perfection of security interests under Article 9 of the UCC. Moreover, even an Article 9 security interest covering personal property can be an instrument eligible for recording with the recorder of deeds. R.I.GEN.LAWS § 34–13–1(6) (1984).[3] When the instrument to be recorded complies with the applicable statutes, the recorder of deeds must accept and record it. *See Bionomic Church of Rhode Island v. Gerardi*, —— R.I. ——, 414 A.2d 474 (1980). The non-discretionary, recordatory functions of the recorder of deeds are the ones imposed "by existing law," to which § 34–34–1 refers.

The trustee's argument presents a second problem. Assuming, arguendo only, that a tax lien is the same as an Article 9 security interest, and that both could be filed in the office of the Secretary of State, then both could also be filed with the recorder of deeds, pursuant to § 34–13–1(6). This reading would leave us with two offices designated or authorized by state law as the place for filing notice of tax liens on personal property. This would clearly conflict with 26 U.S.C. § 6323(f)(1)(A)(ii) which requires that notice be filed in *"one* office within the State" as designated by state law. (Emphasis supplied.) Adoption of the trustee's reading of the statute would create an irreconcilable conflict between state and federal law by designating two offices for filing, and we should not read this or any statute[4] to create a conflict, where a reasonable alternative interpretation will avoid the conflict.

The third problem with the trustee's analysis results from his attempt to equate the IRS with the hypothetical person who could file a financing statement in the Secretary of State's office pursuant to § 6A–9–302 to perfect a security interest in personal property. To accept that argument

---

3. 34–13–1. **Instruments eligible for recording.**—Any of the following instruments shall be recorded or filed by the town clerk or recorder of deeds, in the manner prescribed by law, on request of any person and on payment of the lawful fees therefor; that is to say,

.  .  .  .

(6) All instruments evidencing or relating to a security interest in personal property or fixtures that may be filed pursuant to chapter 9 of title 6A.

4. Statutes should be construed so as to avoid conflict. *See Morton v. Mancari*, 417 U.S. 535, 551, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974); *Araya v. McLelland*, 525 F.2d 1194 (5th Cir. 1976) (construing federal statutes). "[C]onflict between federal and State legislation are not to be presumed, and both bodies of legislation should be construed, if possible, so as to avoid conflicts between them." *Potlatch Forests, Inc. v. Hays*, 318 F.Supp. 1368 (E.D.Ark.1970), *aff'd*, 465 F.2d 1081 (8th Cir.1972).

requires one to regard an IRS tax lien the same as a UCC security interest. In our view, the two are totally different and not susceptible to being treated similarly for many purposes, including filing requirements. To create a security interest under the UCC, R.I.GEN.LAWS § 6A–9–203(1) (1985) requires that there be agreement between the parties, that value be given by the secured party, and that the debtor have rights in the collateral. The filing of a financing statement in the Secretary of State's office is required to perfect a security interest pursuant to R.I.GEN.LAWS § 6A–9–302. A UCC financing statement must meet the formal requisites specified in R.I.GEN.LAWS § 6A–9–402 (1985) which include being signed by the debtor. To infer and thereafter conclude that the IRS needs the active cooperation of the debtor to properly perfect its lien on personal property for taxes, is a step we are unwilling to take.

The trustee's position also runs afoul of 26 U.S.C. § 6321, which provides that in order to create a valid tax lien, it is only required that the person liable for the tax neglects or refuses to pay, after IRS has made demand for payment. The lien is then perfected unilaterally, when the IRS files its notice of lien under 26 U.S.C. § 6323(f)(1)(A)(ii). The statutory UCC requirements for the creation and perfection of security interests governing consensual, commercial transactions are completely at odds with the framework for tax liens provided within the Internal Revenue Code, and we see no impediment to Congress doing things this way.

 Accordingly, we conclude that R.I. GEN.LAWS § 34–34–1 designates the office of the recorder of deeds as the one office within the state of Rhode Island where the Internal Revenue Service is required to file "notice of liens in favor of the United States for taxes due." Rhode Island could designate the office of the Secretary of State as the "one office within the State" where the Internal Revenue Service must file a notice of tax lien in personal property, but any such designation must

come from the legislature, rather than from our effort to fit a Federal tax lien within the filing requirements of the Rhode Island UCC. The trustee's objection is overruled, and the Internal Revenue Service is determined to have a properly perfected lien for taxes due, in the amount of $7,481.87.

Enter Judgment accordingly.