[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on plaintiff's petition for a Declaratory Judgment pursuant to R.I. Gen. Laws 1956 (1985 Reenactment) Section 9-30-2. Additionally, plaintiff petitions for a writ of mandamus.
Robert E. Haplin (hereinafter "plaintiff") entered the U.S. Coast Guard in 1966 for a four year period of active duty with an additional two year reserve period. During 1967, plaintiff was discharged from active duty due to a service related injury. In 1968, plaintiff applied for and was awarded federal compensation benefits through the Veterans Administration.
Subsequently, plaintiff was employed by the Department of Transportation for the State of Rhode Island. Plaintiff now seeks to purchase retirement credits for military service pursuant to R.I. Gen. Laws 1956 (1988 Reenactment) § 36-9-20.3.[1] In May of 1990, a meeting between plaintiff and the Director of the Employee's Retirement System (hereinafter "defendant") was held regarding plaintiff's request to purchase credits pursuant to § 36-9-20.3. Plaintiff's request was denied. On June 11, 1990, plaintiff, seeking reconsideration, supplied additional information to defendants. Defendants once again denied plaintiff's request.
As a result of the second denial, plaintiff sought a formal hearing before the Retirement Board. A scheduled hearing was held on December 10, 1990. On January 15, 1991 the defendant notified plaintiff that his request was again denied. Plaintiff thereafter filed the instant action seeking clarification of his rights. Further, plaintiff seeks a writ of mandamus compelling defendants to allow plaintiff to purchase such credits.
The instant controversy turns upon whether the benefits paid by the Veterans Administration to plaintiff make him ineligible to purchase retirement credits pursuant to § 36-9-20.3, which provides as follows:
 36-9-20.3. Retirement System — Membership and Service Credits.
 Any state employee, who has been honorably discharged from the armed forces of the United States due to medical reasons and not collecting a federal pension, shall be allowed to purchase retirement credits for his entire original enlistment commitment.
 Provided, however, no employee shall be allowed to purchase more than four (4) years service credit for military reasons.
 The cost of purchasing service credits for military service shall be determined by Section 36-9-31.
In the case at bar, § 36-9-20.3 allows state employees who have been honorably discharged from the armed services due to medical reasons to purchase retirement credits toward their state pension. The general right to purchase military credits is provided by R.I. Gen. Laws 1956 (1990 Reenactment) § 36-9-31. Said statute allows honorably discharged veterans to purchase service credits for those years that were actually served. The statute in question, § 36-9-20.3, extends those rights to allow veterans who were discharged for medical reasons to purchase credits for the years they did not actually serve but which were part of their original commitment.
Plaintiff asserts that he receives a service-connected Federal Disability Compensation benefit in that § 36-9-20.3 specifically makes reference to federal pensions and not to federal compensation. Plaintiff, therefore, believes that because he receives federal compensation for a service related injury and not a federal pension he is entitled to purchase credits pursuant to § 36-9-20.3.
Alternatively, defendant contends that there is no distinction between federal pensions and federal compensation. As such, defendant asserts that under Rhode Island law any monies received by any employee for any reason — regular retirement, accidental and/or ordinary disability — are all considered to be state pensions. Defendants use the term federal pension to apply to any and all money received by former federal employees including that for a disability. Thus, defendants claim that plaintiff is ineligible to purchase credits pursuant to § 36-9-20.3.
The construction of legislative enactments is a matter reserved for the courts. Brennan v. Kirby, 529 A.2d 637 (1987). With respect to determining plaintiff's rights pursuant to 36-9-20.3, the Court must ". . . determine the meaning most consistent with the policies or obvious purposes of the statute."Id.
In determining the legislative intent behind § 36-9-20.3, the Court is mindful of the purpose of the federal pension exception. Sections § 36-9-20.3 and § 36-9-31 grant honorably discharged veterans who are state employees the right to purchase military credits toward their state pensions. The purpose for the exception for veterans collecting a federal pension that is most consistent with the policies and purposes of the Retirement Act is to prevent the "double dipping" of pensions.
Such "double dipping" occurs when an employee is collecting one pension from an employer for past services and later attempts to collect another pension from a later employee using credits from the first employment. See, Pearsall v. Board ofAdministration of Public Employees Retirement System, 86 Cal.App.3d 125, 150 (Cal. Rptr 23 (1978). In the case at bar, plaintiff collects compensation for an injury that occurred while serving in the Coast Guard. Plaintiff is being compensated for his injuries, not for his past services. Consequently, plaintiff's proposed purchase of credits would not constitute the "double dipping" that the exception in § 36-9-20.3 was intended to prevent.
Furthermore, the exception in § 36-9-20.3 specifically refers to federal pensions rather than federal compensation. When the language of a statute is unambiguous and expresses a clear and sensible meaning there is no room for statutory constructions.O'Neil v. Code Comm'n, 534 A.2d 607, 608 (R.I. 1987). The reviewing court must interpret the statutory language within its plain and ordinary meaning. Id. The plain and ordinary meaning of what is a federal pension is found in the U.S. Code. Pursuant to 38 U.S.C. § 101 (1991) a distinction is made between federal pension and federal compensation. A federal pension is defined as "a monthly or other periodic payment made by the Administrator to a veteran because of service, age, or non-service connected disability . . ." 38 U.S.C. § 101 (15) (1991). Federal compensation, on the other hand, is defined as "a monthly or periodic payment made by the administrator to a veteran because of a service related disability . . ." 38 U.S.C. § 101 (13) (19991. It appears clear, then, that the term federal pension applies to pensions collected for past services and not to compensation collected for a service-related injury. As this Court is satisfied that the plain and ordinary meaning of "federal pensions" as defined in the U.S. Code is consistent with the policies and obvious purposes of the Retirement Act, plaintiff should not be barred from purchasing military credits pursuant to the terms of § 36-9-20.3.
Finally, plaintiff seeks a writ of mandamus compelling defendants to grant the plaintiff the relief to which he is entitled under § 36-9-20.3. A writ of mandamus shall issue only where the petitioner has a clear right to have the act done which is sought by writ; and where the respondent has a ministerial legal duty to perform such act without discretion to refuse. See,The Bionomic Church of Rhode Island v. Gerardi, 414 A.2d 474, 475-76 (R.I. 1980).
In the instant action, § 36-9-20-3 provides "any state employee, . . . shall be allowed to purchase retirement credits . . ." (Emphasis added). Due to the mandatory nature of the language contained in the statute, defendants have such a ministerial duty. Since plaintiff has a clear right to purchase credits under § 36-9-20.3, and defendants have only a ministerial duty with respect to said statute, plaintiff is entitled to a writ of mandamus.
For the reasons set forth above, this Court finds that the plaintiff is eligible to purchase military credit pursuant to § 36-9-20.3. In addition, this Court finds the plaintiff is entitled to a writ of mandamus compelling defendants to issue such credits.
Counsel shall prepare the appropriate judgment for entry.
[1] Section 36-9-20.3 was subsequently repealed by P.L. 1990, Ch. 373 effective July 12, 1990.