BILL LOCKYER Attorney General ANTHONY M. SUMMERS Deputy Attorney General
THE HONORABLE WILLIAM C. KATZENSTEIN, COUNTY COUNSEL, RIVERSIDE COUNTY, has requested an opinion on the following question:
May a county superintendent of schools provide a supplemental employee retirement plan that qualifies as a money purchase pension plan or a defined benefit plan under federal law to a limited number of employees as an incentive to take early retirement and in consideration for waiving certain employment-related claims against the county office of education, even where the effective date of the retirement precedes the window period for enrollment in the plan?
 CONCLUSION
A county superintendent of schools may provide a supplemental employee retirement plan that qualifies as a money purchase pension plan or a defined benefit plan under federal law to a limited number of employees as an incentive to take early retirement and in consideration for waiving certain employment-related claims against the county office of education, even where the effective date of the retirement precedes the window period for enrollment in the plan.
 ANALYSIS
We are informed that a county superintendent of schools has made available to a limited number of employees of the county office of education (58 employees out of 1,410) a supplemental employee retirement plan approved by the Internal Revenue Service (26 U.S.C. § 401(a).) All employees eligible to participate are members of the Public Employees Retirement System ("PERS") or the State Teachers Retirement System ("STRS".) The plan has been paid for by the county office and consists of an annuity for each enrolled employee. The plan has been offered as an incentive for the employees to take early retirement and in consideration for the waiver of certain age discrimination claims against the county office. To participate, an employee must have submitted an application and separated from service during a specified "window period." Three of the employees who have enrolled in the plan during the window period had effective dates of retirement that preceded the window period. We are asked whether the plan was properly offered, particularly with respect to those employees who had retired before the enrollment window period. We conclude that the plan was properly offered to all who enrolled.
1. Extra Compensation
The first issue to be addressed is whether the annuities provided to enrolled retirees under the plan constitute "extra compensation" prohibited by the Constitution. Subdivision (a) of section 10 of article XI of the Constitution states:
 "A local government body may not grant extra compensation or extra allowance to a public officer, public employee, or contractor after service has been rendered or a contract has been entered into and performed in whole or in part, or pay a claim under an agreement made without authority of law."
We find that the annuities do not constitute "compensation" for services already rendered, whether "extra" or not.
The superintendent offered the plan as an inducement for the employees to take early retirement and to waive certain employment-related claims against the county office. In effect, the plan was offered not for the performance of services previously rendered, but rather for the cessation of services. (See Ed. Code, § 22714, subd. (a).) Since the annuities were given only to an employee for retiring and waiving certain claims, they may not be considered "compensation" for "service [that] has been rendered." (See Lockheed Corp. v. Spink (1996) 517 U.S. 882,894-895; In re Marriage of Oddino (1997) 16 Cal.4th 67, 87-88; Creighton v. Regents of the University of California (1997) 58 Cal.App.4th 237,244-245.) Accordingly, the annuities under the plan do not constitute compensation within the purview of the constitutional prohibition. (See Cal.Atty.Gen., Indexed Letter, No. IL 91-915 (July 10, 1992).)
2. Gift of Public Funds
The second issue to be addressed concerns whether the annuities provided to the plan enrollees constitute "gifts" prescribed by the Constitution. Section 6 of article XVI of the Constitution states in part:
 "The Legislature shall have no . . . power to make any gift or authorize the making of any gift, of any public money or thing of value to any individual, municipal or other corporation whatever. . . ."
Gifts of public funds are prohibited under this constitutional provision, whether at the state or local level of government. (See Community Memorial Hospital v. County of Ventura (1996) 50 Cal.App.4th 199,207; Paramount Unified School Dist. v. Teachers Assn. of Paramount (1994)26 Cal.App.4th 1371, 1388; Goodall v. Brite (1936) 11 Cal.App.2d 540,544-545.)
Here, the annuities do not constitute "gifts," since they were given in exchange for consideration. Early retirement and releases of employment-related claims fully support the contractual agreement between the county office and the plan enrollees. (See Lockheed Corp. v. Spink, supra, 517 U.S. at pp. 894-895; In re Marriage of Oddino, supra, 16 Cal.4th at pp. 87-88; Creighton v. Regents of the University of California, supra, 58 Cal.App.4th at pp. 244-245.) The public purposes served by the plan include payroll savings due to the early retirements and litigation expense savings due to the waivers of employment-related claims. Voluntary early retirement with a waiver of claims may reasonably be considered the most effective way to reduce salary costs, with the least disruption of employee morale and efficiency, while not undermining the ability to attract and retain qualified and competent personnel in future years. Accomplishment of these purposes removes the plan's annuities from the gift prohibition of the Constitution. (See California Housing Finance Agency v. Elliott (1976) 17 Cal.3d 575, 583; Jarvis v. Cory (1980) 28 Cal.3d 562, 578, fn. 10; County of Alameda v. Carleson (1971) 5 Cal.3d 730, 745-746; County of Alameda v. Janssen (1940)16 Cal.2d 276, 281; Kizziah v. Department of Transportation (1981)121 Cal.App.3d 11, 22; 73 Ops.Cal.Atty.Gen. 296, 304 (1990); Cal.Atty.Gen., Indexed Letter, No. IL 91-915, supra.)
We do not find it particularly significant that the window period for enrollment in the plan occurred after the effective dates of retirement for three of the employees. The plan was offered to them when they were employees. They complied with the plan's requirements that they submit their applications and retire by the end of the window period. The annuity packages must be considered incentives for their retirement decisions, and their waivers of employment-related claims provide independent support for their enrollments. Hence, no proscribed "gift" may be asserted by their choices to retire earlier than the window period.
3. Health and Welfare Benefits
The third issue to be addressed is whether the annuities under the plan constitute "health and welfare benefits" pursuant to state law. The Legislature has enacted a comprehensive statutory scheme (Gov. Code, §§ 53200-53210)[1] dealing with the granting of health and welfare benefits to the officers and employees of local agencies such as county offices of education. The legislation imposes certain requirements, however, including that any plan "shall provide benefits for large numbers of employees. . . ." (§ 53202.3.) Here, the plan was offered to 58 out of 1,410 employees of the county office.
We do not believe that the annuities in question may be considered a health and welfare benefit so as to be subject to the "large numbers" mandate. Health and welfare benefits constitute compensation for services rendered. (Thorning v. Hollister School Dist. (1992) 11 Cal.App.4th 1598,1606-1607; 62 Ops.Cal.Atty.Gen. 631, 633 (1979).) As discussed above, the annuities in question were not granted as compensation for services rendered and thus were properly offered regardless of the number of employees eligible. (See Lockheed Corp. v. Spink, supra, 517 U.S. at pp. 894-895; In re Marriage of Oddino, supra, 16 Cal.4th at pp. 87-88; Creighton v. Regents of the University of California, supra, 58 Cal.App.4th at pp. 244-245.)
4. Retirement or Pension System
The final issue to be resolved is whether the annuities in question may be considered retirement or pension benefits of a retirement or pension system. All of the plan enrollees are members of PERS or STRS. With respect to the PERS members, subdivision (a) of section 20303
provides:
 "Persons who are members of any other retirement or pension system supported wholly or in part by funds of the United States government, any state government, or any political subdivision thereof and who are receiving credit in the other system for service are, as to that service, excluded from this system."
Subdivision (a) of section 20894 additionally provides:
 "A person shall not receive credit for the same service in two retirement systems supported wholly or in part by public funds under any circumstance."
With respect to STRS members, Education Code section 22705
similarly prohibits accrual of concurrent service credit in another public retirement system. The purpose of these pension and retirement statutes "is to prevent an individual from receiving double payment for the same service." (See Pearsall v. Board of Administration (1978)86 Cal.App.3d 125, 128.)
Retirement and pension benefits of a retirement or pension system constitute deferred compensation for services performed. (Betts v. Board of Administration (1978) 21 Cal.3d 859, 863; Miller v. State of California (1977) 18 Cal.3d 808, 814-815; Kern v. City of Long Beach (1947) 29 Cal.2d 848, 851-853; Valdes v. Cory (1983) 139 Cal.App.3d 773,783-784.) As previously explained, however, the annuities in question do not constitute compensation for services rendered. They were granted for ceasing the performance of services and a waiver of claims. They are not retirement or pension benefits, and the plan does not constitute a retirement or pension system. (See §§ 20303, subd. (b)(4),20894, subd. (c); Lockheed Corp. v. Spink, supra, 517 U.S. at pp. 894-895; In re Marriage of Oddino, supra, 16 Cal.4th at pp. 87-88; Creighton v. Regents of the University of California, supra, 58 Cal.App.4th at pp. 244-245.) The purposes of sections 20303,20894, and Education Code section 22705 would not be served by categorizing the plan involved here as a retirement or pension system.
In answer to the question presented, therefore, we conclude that a county superintendent of schools may provide a supplemental employee retirement plan that qualifies as a money purchase pension plan or a defined benefit plan under federal law to a limited number of employees as an incentive to take early retirement and in consideration for waiving certain employment-related claims against the county office of education, even where the effective date of the retirement precedes the window period for enrollment in the plan.
[1] All references hereafter to the Government Code are by section number only.